```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           OCALA DIVISION
```

ALLAN CARLOS DURAN,

                    Petitioner,

vs.                                  Case No. 5:11-cv-698-Oc-29TBS

SECRETARY, DEPARTMENT OF CORRECTIONS; FLORIDA ATTORNEY GENERAL,

                    Respondents.
_____

## OPINION AND ORDER

### I.  Status

Petitioner Allan Carlos Duran initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on December 30, 2011. Petitioner is proceeding on his Amended Petition (Doc. #5, Amended Petition) pursuant to the Court's Order requiring that the Petitioner sign his Petition. The Amended Petition challenges Petitioner's 2010 plea-based judgment of conviction for purchasing cocaine, possession of cocaine, and tampering with evidence entered in the Fifth Judicial Circuit in Marion County, Florida, in case number 08-4993-CF. Amended Petition at 1. On September 5, 2012, Respondent filed a Response (Doc. #9, Response) moving to dismiss the action with prejudice. On September 25, 2012, Petitioner filed a Reply (Doc. #10, Reply). This matter is ripe for review.

**II.**

The Amended Petition raises one claim for relief: that Petitioner's conviction under Fla. Stat. § 893.13 for drug trafficking violated the Due Process Clause as set forth in Shelton v. Sec'y Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[1] Amended Petition at 5. Specifically, Petitioner asserts that Fla. Stat. § 893.13 lacks the requisite intent or knowledge. Id. Respondent moves to dismiss the action and submits that on August 24, 2012, the Eleventh Circuit Court of Appeals reversed the district court's Shelton opinion. Response at 2. In the alternative, Respondent notes that Petition should be dismissed as unexhausted because Petitioner failed to exhaust his claim before the Florida courts prior to filing the instant action and his claim would now be time barred. Id. at 2.

The Court finds this action subject to dismissal with prejudice. In Shelton v. Sec'y Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012), the Eleventh Circuit Court of Appeal upheld the constitutionality of Fla. Stat. § 893.13, and reversed the case upon which Petitioner relies in support of his claim. Thus, Petitioner's claim for relief lacks merit.

---

[1] On January 11, 2012, Petitioner filed an "Addendum to Grounds," in which Petitioner states that he wishes to add a second ground for relief. See Doc. #4. The "addendum" seeks relief from criminal case 2010-CF-3675, which Petitioner states remains pending. Thus, the Court will not address the claim raised in the addendum and direct the Clerk to strike the document.

THEREFORE, it is now

**ORDERED**:

1. The Amended Petition for Writ of Habeas Corpus (Doc. #5) is **dismissed** with prejudice.

2. The Clerk of Court shall strike Petitioner's "addendum" (Doc. #4).

3. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __25th__ day of January, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record